IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Scott N. Johnson,                          )
                                           )      2:11-cv-03461-GEB-EFB
                    Plaintiff,             )
                                           )      ORDER OF DISMISSAL
          v.                               )
                                           )
Armando Francisco Madrigal,                )
Individually and d/b/a Best                )
Choice Auto; Daniel S. Martin;             )
Janet Martin,                              )
                                           )
                    Defendants.            )
_____            )

          Plaintiff was required to respond to an Order filed March 29, 2012, by either filing a motion for default judgment before the Magistrate Judge within forty-five (45) days of the filing of that order or showing good cause in writing no later than May 18, 2012, why this action should not be dismissed for failure of prosecution. (ECF No. 10.) Plaintiff failed to respond to the March 29, 2012 Order by these deadlines. Therefore, the Court considers whether this action should be dismissed for failure of prosecution.

          When considering whether to dismiss a case for failure to prosecute, a court must consider:

                    (1) the public's interest in expeditious resolution
                    of litigation; (2) the court's need to manage its
                    docket;  (3)  the  risk  of  prejudice  to
                    defendants/respondents; (4) the availability of
                    less  drastic  alternatives;  and  (5)  the  public
                    policy favoring disposition of cases on their
                    merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

1    The first and second factors weigh in favor of dismissal in
2    this case since Plaintiff's failure to prosecute has impaired the
3    public's interest in expeditious resolution of litigation and undermines
4    the Court's ability to manage its docket. See Yourish v. Cal. Amplifier,
5    191 F.3d 983, 990 (9th Cir. 1999)("[T]he public's interest in
6    expeditious resolution of litigation always favors dismissal.");
7    Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage
8    its docket without being subject to routine noncompliance of
9    litigants[.]").

10    The third factor concerning the risk of prejudice to
11    Defendants considers the strength of a party's excuse for
12    non-compliance. See Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of
13    prejudice [is related] to the plaintiff's reason for defaulting.").
14    Since Plaintiff has provided no reason for his non-compliance, the third
15    factor also favors dismissal.

16    The fourth factor concerning whether the Court has considered
17    less drastic sanctions, also weighs in favor of dismissal since
18    Plaintiff failed respond to the March 29, 2012 Order despite that
19    order's requirement that Plaintiff show cause in writing why the action
20    should not be dismissed for failure of prosecution if a motion for entry
21    of default judgment was not timely filed. Cf. Ferdik v. Bonzelet, 963
22    F.2d 1258, 1262 (9th Cir. 1992)("[A] district court's warning to a party
23    that his failure to obey the court's order will result in dismissal can
24    satisfy the 'consideration of alternatives' requirement.").

25    The fifth factor concerning the public policy favoring
26    disposition of cases on their merits, weighs against dismissal.
27    Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases
28    on the merits.").

Since the balance of the factors strongly favors dismissal of this action, this action is dismissed and this case shall be closed.

Dated:  May 29, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge